820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VALCOM, INC., Plaintiff-Appellant,
v.
VALCOM, INC.; Valmont Industries; Sai Valcom Computer
Centers, Inc. of Virginia, Defendant-Appellee.
 No. 86-3641.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1987.
Decided June 2, 1987.
 
 Before RUSSELL and WILKINSON, Circuit Judges, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 W. Mack Webner (Nies, Webner, Kurz & Bergert, on brief), for appellant.
 John Patrick Passarelli (Mark DeGennaro; McGrath, North, O'Malley & Kratz, P.C., on brief), for appellees.
 PER CURIAM:
 
 
 1
 Appellant Valcom, Inc. (Virginia Valcom) brought suit for trademark infringement and unfair competition against Valcom, Inc.; Valmont Industries, Inc.; and SAI Valcom Computer Centers, Inc. of Virginia (collectively referred to as Omaha Valcom or appellee) for using the VALCOM name. Virginia Valcom manufactures telephone paging and other telecommunications equipment which it markets through twenty-one large wholesale distributors. It began using the VALCOM name in 1977. Appellee Omaha Valcom sells IBM, COMPAQ, and AT & T personal computers through retail outlets located in forty-two states. Appellee adopted the VALCOM name in 1979.
 
 
 2
 Virginia Valcom brought suit claiming that appellee's use of the VALCOM name created confusion in the marketplace about the parties' respective products and services. In a bench trial, the district court found that such confusion is not likely to result from the parties' simultaneous use of the VALCOM name. Because the district court's findings were not clearly erroneous, we affirm.
 
 I.
 
 3
 At common law, a prior user of a trademark is protected against another's subsequent use of the same mark only in areas where the prior user has established a market for its goods. Natural Footwear v. Hart, Schaffner & Marx, 760 F.2d 1383, 1394 (3d Cir.1985) (quoting Hanover Star Milling Co. v. Metcalf, 240 U.S. 403 (1916)). The district court rejected Virginia Valcom's claim of nationwide trademark protection, finding that its gross sales indicated only a minimal presence in several states. The court went on to find, however, that Virginia Valcom established prior use of its mark in a wide geographic market.*
 
 
 4
 The district court then applied the seven-factor test adopted in Pizzeria Uno Corp. v. Temple, 747 F.2d 1522 (4th Cir.1984) for determining the likelihood of confusion between the two parties in these geographic areas. The factors are: 1) the strength or distinctiveness of the mark; 2) the similarity of the two marks; 3) the similarity of the goods/services that the marks identify; 4) the similarity of the facilities that the two parties use in their business; 5) the similarity of the advertising used by the two parties; 6) the defendant's intent; 7) actual confusion. Id. at 1527.
 
 
 5
 Applying the test, the district court found no likelihood of confusion. According to the court, although both parties have a "strong" mark in their respective industries and both employ the VALCOM name, they provide dissimilar goods and services and participate in different industries. Virginia Valcom's product line consists mainly of telephone paging equipment while Omaha Valcom's business involves personal computers. In addition, their facilities and distribution methods differ. Virginia Valcom is primarily a manufacturer. It operates a manufacturing plant and several sales offices that sell its products to wholesale distributors. These distributors sell appellant's products to telephone companies and to "interconnect" companies which resell them to end users. By contrast, Omaha Valcom does not manufacture anything. It operates retail outlets that sell IBM, COMPAQ and AT & T personal computers directly to consumers. Further, the district court found that the two companies use different marketing channels and advertising techniques. It also found that Omaha Valcom did not adopt the VALCOM name for the purpose of infringing Virginia Valcom's trademark, and that Virginia Valcom failed to present evidence of actual confusion in the marketplace. Based on these findings, the district court found no likelihood of confusion.
 
 II.
 
 6
 The district court's findings in this case are binding unless they are clearly erroneous. Because the record supports the district court's findings of fact, its judgment is
 
 
 7
 AFFIRMED.
 
 
 
 *
 Appellant claims that the district court erred in requiring it to establish secondary meaning for its name. According to appellant, proof of secondary meaning is unnecessary where the trademark is "coined" or arbitrary. We decline to address this issue, however, because the district court found secondary meaning in the relevant geographic areas, and the error, if any, did not affect the result in this case